GLENN B. McCORMICK
Acting United States Attorney
District of Arizona
JAMES R. KNAPP
Assistant United States Attorney
Arizona State Bar No. 021166
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: James.Knapp2@usdoj.gov
Attorneys for Plaintiff

☑ FILED ___ LODGED
___ RECEIVED ___ COPY

OCT 2 6 2021

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

**SEALED**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No.    CR-21-00884-PHX-DWL (JZB) |
| Plaintiff, | |
| vs. | **INDICTMENT** |
| 1.  Pamela Hyde,<br>     (Counts 1-8) | VIO:   18 U.S.C. § 1349<br>        (Conspiracy to Commit Wire Fraud)<br>        Count 1 |
| 2.  Timothy Heck,<br>     (Counts 1, 3, 5, 8) | 18 U.S.C. § 1343<br>(Wire Fraud)<br>Counts 2-8 |
| 3.  Dwayne Robertson,<br>     (Counts 1, 7) | 18 U.S.C. §§ 981 and 982,<br>21 U.S.C. § 853, and<br>28 U.S.C. § 2461(c) |
| Defendants. | (Forfeiture Allegation) |

**THE GRAND JURY CHARGES:**

At all times material to this indictment, within the District of Arizona and elsewhere:

1.      Defendant PAMELA HYDE was a resident of Millington, Tennessee.

2.      Defendants TIMOTHY HECK and DWAYNE ROBERTSON were residents of Arizona and inmates of the Maricopa County Sheriff's Office in Phoenix, Arizona.

**BACKGROUND ON PANDEMIC UNEMPLOYMENT ASSISTANCE**

3.      The Social Security Act of 1935 established the federal-state unemployment insurance (UI) program, which provides benefits to eligible workers who become

unemployed through no fault of their own. In Arizona, the UI program is administered by the Arizona Department of Economic Security (DES).

4.    The Coronavirus Aid, Relief, and Economic Security (CARES) Act was signed into law on March 27, 2020. It expanded states' ability to provide UI for many workers impacted by the COVID-19 pandemic, including for workers who are not ordinarily eligible for unemployment benefits.

5.    The CARES Act created the Pandemic Unemployment Assistance (PUA) program. Under PUA, states are permitted to provide PUA to individuals who are self-employed, seeking part-time employment, or otherwise would not qualify for regular UI compensation.

6.    To qualify for PUA benefits, an individual must not be eligible for regular UI benefits and be unemployed, partially unemployed, or unable or unavailable to work because of certain health or economic consequences of the COVID-19 pandemic.

7.    The CARES Act also established the Pandemic Emergency Unemployment Compensation (PEUC) program. PEUC covers most individuals who have exhausted all rights to regular UI compensation under state or federal law and who are able to work, available for work, and actively seeking work as defined by state law. PEUC also gives states the flexibility in determining whether an individual is actively seeking work if the individual is unable to search for work because of COVID-19, including because of illness, quarantine, or movement restrictions.

8.    The CARES Act also established the Federal Pandemic Unemployment Compensation (FPUC) program. From April 4, 2020, through July 31, 2020, FPUC allowed states to give an additional $600 per week to individuals collecting regular UI, PEUC, PUA, and other approved UI benefits. FPUC was reauthorized in December 2020, and beginning in January 2021, FPUC allowed states to provide an additional $300 per week to individuals collecting regular UI, PEUC, PUA, and other approved UI benefits.

9.    The PUA, PEUC, and FPUC programs expired on September 6, 2021.

10.    Arizona DES began accepting applications for PUA benefits on May 12, 2020. PUA claims could be filed online via the DES PUA Portal. DES required PUA claimants to answer various questions to establish eligibility for PUA benefits. The claimant was required to provide his or her name, social security number, and mailing address. The claimant was also required to identify a qualifying occupational status and COVID-related reason for being out of work.

11.    In order to establish eligibility for PUA benefits, DES required that the claimant self-certify, under penalty of perjury, that he or she was able to and available for work under Arizona Revised Statutes Title 23, Chapter 4, except that he or she was unemployed, partially unemployed, or unable or unavailable to work as a direct result of a COVID-related reason.

12.    After submitting an initial claim, claimants were required to submit weekly certifications confirming continued eligibility for PUA benefits. The weekly certifications could be submitted online through the DES PUA Portal.

13.    After it accepts a UI claim, including a claim submitted pursuant to the PUA program, DES typically deposits UI funds weekly to an Electronic Payment Card (EPC) administered by Bank of America (BofA), which the claimant can use to pay for his or her expenses. The EPC debit card is sent via U.S. Mail to the claimant's mailing address. In lieu of an EPC debit card, a claimant may elect to receive benefits via direct deposit into a bank account.

## COUNT 1
### Conspiracy to Commit Wire Fraud
### (18 U.S.C. § 1349)

14.    The factual allegations above are incorporated herein by reference and realleged as though fully set forth herein.

### OBJECT OF THE CONSPIRACY AND SCHEME TO DEFRAUD

15.    From in or about June 2020 through in or about January 2021, in the District of Arizona and elsewhere, the defendants, PAMELA HYDE, TIMOTHY HECK, and

- 3 -

DWAYNE ROBERTSON, and others known and unknown to the Grand Jury, did knowingly and willfully conspire, confederate, and agree to commit wire fraud, that is, to knowingly and willfully devise and intend to devise a scheme and artifice to defraud and to obtain money from victims, by means of materially false and fraudulent pretenses, representations, and promises, to wit, submitting fraudulent applications for PUA benefits in the names of incarcerated individuals who were not eligible for benefits, and for the purpose of executing and attempting to execute such scheme to defraud, the defendants HYDE, HECK, and ROBERTSON and others known and unknown to the Grand Jury, did knowingly transmit and cause to be transmitted in interstate commerce by means of a wire communication, certain signals, signs, and sounds, for the purpose of executing the scheme to defraud, in violation of 18 U.S.C. § 1349.

## MANNER AND MEANS

16.     It was part of the conspiracy and scheme to defraud that HYDE offered to submit UI claims, including claims for PUA, for inmates incarcerated by the Maricopa County Sheriff's Office in county jail facilities.

17.     HYDE communicated with inmates, including HECK and ROBERTSON, via phone calls and electronic messaging. During those communications, HYDE obtained personally identifiable information, such as social security numbers, belonging to HECK, ROBERTSON, and other inmates.

18.     In addition to providing HYDE with his own personally identifying information and requesting that she submit PUA claims on his behalf, HECK connected other inmates to HYDE to participate in the scheme. For example, during phone calls with HYDE, HECK put inmates E.R. and B.D. on the phone to provide their personally identifiable information to HYDE for purposes of submitting fraudulent UI claims on their behalf.

- 4 -

19. At the inmates' request, HYDE used the personally identifiable information to submit online claims for PUA benefits on behalf of the inmates, including on behalf of HECK, ROBERTSON, C.M., and E.C.

20. In submitting the electronic applications, HYDE falsely certified, on behalf of the inmate-claimants, that the applicant was able and available to work except that he was unemployed or unable to work due to a COVID-related reason. In fact, the inmate-claimants were unable and unavailable to work due to their incarceration, which resulted from their own conduct—not from COVID-19.

21. It was further part of the conspiracy that, in addition to initial claim applications, HYDE submitted weekly certifications of continued eligibility for PUA benefits on behalf of inmates, including HECK and ROBERTSON. In submitting the weekly certifications, HYDE falsely affirmed that the inmate-claimants remained able and available to work but were unemployed or unable to work due to a COVID-related reason.

22. It was further part of the conspiracy that the defendants caused BofA and other financial institutions to mail debit cards for the fraudulent UI claims to be mailed to the physical addresses provided by the defendants and caused UI benefits to be loaded thereon.

All in violation of Section 1349 of Title 18 of the United States Code.

## COUNTS 2-8
### Wire Fraud
### (18 U.S.C. § 1343)

23. The factual allegations above are incorporated herein by reference and realleged as though fully set forth herein.

24. From in or about June 2020 through in or about January 2021, in the District of Arizona and elsewhere, defendants PAMELA HYDE, TIMOTHY HECK, and DWAYNE ROBERTSON, and others known and unknown to the Grand Jury, devised and

intended to devise a scheme to defraud and obtain money and property from Arizona DES by means of materially false and fraudulent pretenses and representations.

25.   On or about each of the dates set forth below, in the District of Arizona and elsewhere, the listed defendants, for the purpose of executing the scheme set forth above and attempting to do so, caused to be transmitted by means of wire communication in interstate the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Defendant(s) | Date | Wire |
|-------|--------------|------|------|
| 2 | HYDE | 6/13/20 | Electronic application for PUA benefits for inmate C.M. |
| 3 | HYDE, HECK | 6/14/20 | Electronic weekly certification of PUA benefit eligibility for HECK |
| 4 | HYDE | 6/21/20 | Electronic weekly certification of PUA benefit eligibility for inmate C.M. |
| 5 | HYDE, HECK | 6/28/20 | Electronic weekly certification of PUA benefit eligibility for HECK |
| 6 | HYDE | 6/28/20 | Electronic weekly certification of PUA benefit eligibility for inmate C.M. |
| 7 | HYDE, ROBERTSON | 9/14/20 | Electronic weekly certification of PUA benefit eligibility for ROBERTSON |
| 8 | HYDE, HECK | 1/16/21 | Electronic application to reopen PUA claim for HECK |

All in violation of Section 1343 of Title 18 of the United States Code.

## FORFEITURE ALLEGATIONS

26.   The allegations above are incorporated herein by reference and realleged as though fully set forth herein.

27.   Pursuant to Title 18, United States Code, Sections 981 and 982, Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c) and upon conviction of one or more of the offenses alleged in Counts 1-8 of this Indictment,

the defendant(s) shall forfeit to the United States all right, title, and interest in any and all property, real or personal, involved in such offense(s), or any property traceable to such property involved in the offense(s), or conspiracy to commit such offense(s), including the following:   (a) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of a statute listed in Title 18, United States Code, Section 982, (b) all other property constituting proceeds obtained as a result of those violations, and (c) all property used in any manner or part to commit or to facilitate the commission of those violations including, but not limited to the sum of money representing the amount of money involved in the offense(s).

28.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant(s) up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

///

///

///

///

///

///

- 7 -

All in accordance with Title 18, United States Code, Sections 981 and 982, Title 21, United States Code, Section 853, Title 28, United States Code, Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

*s/*
FOREPERSON OF THE GRAND JURY
Date:  October 26, 2021

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

*s/*
JAMES R. KNAPP
Assistant U.S. Attorney